IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS LAWRENCE FLOYD, )<br># R-61584, )<br> )<br>        Plaintiff, )<br> )<br>vs. )<br> )<br>WEXFORD HEALTH SOURCES, INC., )<br>and DR. BHARAT SHAH, )<br> )<br>        Defendants. ) | Case No. 15-cv-429-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Thomas Floyd, an individual currently incarcerated at Southwestern Illinois Correctional Center ("Southwestern"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendants were deliberately indifferent to his serious and painful medical condition.

According to the complaint, while Plaintiff was incarcerated at Stateville Correctional Center ("Stateville") in March 2014, he suffered a cut on his right ankle while working at his prison job (Doc. 1, p. 4). The doctor on duty at the Stateville Health Care Unit (who was an employee of Defendant Wexford Health Sources) promptly treated Plaintiff. An x-ray and culture were performed, and Plaintiff was prescribed daily dressing changes for the wound. But the ulcer on Plaintiff's ankle refused to heal. Several doctors at Stateville tried various treatments over the ensuing months, which Plaintiff does not detail.

On October 1, 2014, Plaintiff saw the Medical Director for Defendant Wexford Health Sources ("Wexford") at Stateville. He prescribed a stronger antibiotic and different pain

medication, which helped Plaintiff. He also told Plaintiff that he needed surgery on the ankle to remove one or two screws that had been previously implanted in his leg, because these were causing the infection. About a week later, Plaintiff learned that Midland Ortho (where apparently the surgery would have been performed) would no longer accept patients from Stateville. On October 15, 2014, Plaintiff was transferred to Southwestern.

At Southwestern, Plaintiff was not given his prescribed pain medication. Defendant Dr. Shah (or Shaw)[1] also took away the antibiotics that Plaintiff had been prescribed at Stateville (Doc. 1, p. 5). Defendant Shah ordered Plaintiff to be treated daily by the nurses, who were to clean and bandage his ankle wound. Plaintiff reported that under this treatment, his pain was getting a lot worse, but his complaints were ignored. Four different times, Defendant Shah took Plaintiff off the daily treatment line. Each time, Plaintiff went to see Defendant Shah and explained that he was supposed to have surgery before his transfer, the surgery had not been performed, and his pain was becoming unbearable. Defendant Shah continued to deny the surgery, however, and he gave Plaintiff no treatment other than the wound care and dressing changes.

Plaintiff filed grievances in January 2015. He was finally seen by a different doctor in St. Louis on March 2, 2015. This doctor performed an x-ray and told Plaintiff that he would need surgery to remove the eight-inch plate and all screws from his leg, because his bacterial infection had spread under the plate and into the surrounding area of his leg.

Plaintiff states that he will now be having this surgery. In this action, he seeks to recover damages for the pain and suffering he endured during the time (over one year) that he was forced to wait for proper treatment of his injury and infection.

---

[1] Plaintiff identifies this Defendant as "Dr. Bharat Shah" in the case caption (Doc. 1, p. 1), but on all other pages of the complaint, he refers to him as "Dr. Shaw" (Doc. 1, pp. 2, 5). It is apparent that both references are to the same individual. For simplicity, the Court shall refer to this Defendant as "Shah."

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Shah for deliberate indifference to his medical needs (**Count 1**).  Plaintiff's allegations do not support a deliberate indifference claim against Defendant Wexford Medical Sources (**Count 2**), however, and that claim shall be dismissed without prejudice.

**Count 1 – Deliberate Indifference to Serious Medical Needs – Defendant Shah**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain.  *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain."  *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).  *See also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Gayton v. McCoy*, 593 F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007) ("a

plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition")).  The Seventh Circuit also has found that an Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing, or refuses to refer the inmate to a specialist.  *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer).

The complaint sufficiently alleges that Plaintiff's ankle injury and persistent infection was a serious, painful medical condition.  Further, the facts suggest that Defendant Shah's refusal to authorize surgery, and his ineffective and intermittent course of treatment, prolonged Plaintiff's suffering and may well have caused Plaintiff's infection to worsen.  Accordingly, the deliberate indifference claim in **Count 1** against Defendant Shah shall proceed for further review.

The Court notes, however, that the period of time when Plaintiff was under the care of Defendant Shah began only with his transfer to Southwestern in October 2014.  Any violation of Plaintiff's constitutional rights that may have occurred at Stateville between March and October 15, 2014, cannot be attributed to Defendant Shah.

**Dismissal of Count 2 – Defendant Wexford**

Defendant Wexford Health Care Services is a corporation which employs Defendant Shah and provides medical care at the prison.  Defendant Wexford also employed the doctors who cared for Plaintiff during his confinement at Stateville.  But Defendant Wexford cannot be held liable solely on that basis.  A corporation can be held liable for deliberate indifference only

if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

In the complaint, Plaintiff does not allege that Defendant Shah, or any other individual medical provider, acted or failed to act as a result of an official policy espoused by Defendant Wexford. Accordingly, **Count 2** against Defendant Wexford shall be dismissed without prejudice at this time.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

### Disposition

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **WEXFORD MEDICAL SOURCES, INC.**, is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 11, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**